UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

TAMMY HAIR

     Plaintiff,

vs.

WAL-MART STORES EAST, LP, A
Foreign Profit Corporation, and
RONALD JACKSON

     Defendant.

_____/

## WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 18th Judicial Circuit Court in and for Seminole County, Florida, Case No. 2019-CA-003828, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1.     On or about December 20, 2019, the Plaintiff commenced this action by filing a Complaint against the wrong entity, Wal-Mart Inc., in the 18th Judicial Circuit Court in and for Seminole County, Florida. *See* Pl.'s Initial Compl., attached as Ex. "A."

2.     On March 11, 2020, the Plaintiff filed her Amended Complaint against the proper entity, Wal-Mart Stores East, LP. *See* Pl.'s Amended Compl., attached as Ex. "B."

3.     On July 21, 2020, the State Court granted the Defendants Motion to Quash and Motion to Dismiss. See Order, attached as Ex. "C."  The Plaintiff filed her Second Amended Complaint on July 24, 2020. *See* Pl.'s Second Amended Compl., attached as Ex. "D."

4.      Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on December 4, 2018 while at the Wal-Mart store located at 3653 S. Orlando Drive, Sanford, Florida 32773 ("Property"). *See* Complaint attached as Ex. "D" at ¶ 6, ¶ 8.

5.      Specifically, the Plaintiff alleges she "lifted a case of water when the case beneath it fell on Plaintiff causing her to fall." See Ex. "D" at ¶ 12.   In particular, the Plaintiff testified on December 14, 2020, that Walmart failed to properly stock cases of waters, and testified: "I picked up the case of water and another one fell on me.  I don't know how.  I didn't see it happen." See Deposition pages, Ex. "V" at p.16:7-13.

6.      After falling, Plaintiff continued shopping and did not report the incident to Wal-Mart employees despite seeing employees at the checkout lines. Id. at p.19:10-15; p.20:5-9.  She called the following day and spoke to someone at the store. Id. at p. 20:20-24.  On December 6, 2018, two days after the incident, she called the store and spoke an Assistant Manager, who requested that she come into the store to execute an Incident Report. Id. at p. 22:22-24; p.21:21-22:5; p. 23:3-24:1.

7.      On or about March 11, 2020, Wal-Mart filed its Initial Interrogatories to Plaintiff, Ex. "E," its Request for Production, Ex. "F," and its Request for Admissions, Ex. "G."

8.      On April 10, 2020, Plaintiff filed her Answers to Initial Interrogatories, in which she listed her expenses/damages incurred in connection with the claims against the Defendant, totaling the amount of $54,394.44. See Ex. "H."

9.      On April 10, 2020, the Plaintiff also filed her Responses to Request for Production. See Ex "I."  She produced medical bills for the same amount, and medical records which indicated that on December 6, 2018, the Plaintiff attended a physician and was discharged

after noting no fractures or dislocations. Id.  <u>Based on these April 10, 2020 medical records, her last treatment took place on June 21, 2019, no indication of additional treatment was noted.</u>

10.     <u>On April 10, 2020, the Plaintiff objected and failed to answer whether her damages exceed $75,000</u>. See Plaintiff's Answers to Request for Admissions, Ex. "J."   On August 27, 2020, the State Court overruled the Plaintiff's objections on this Request and required the Plaintiff to Respond or for the Plaintiff to seek additional time to respond to Request for Admissions No. 5 & No. 6. See Ex. "K."  The Plaintiff Moved for additional time, previously explaining to the Court that she did not have enough information to answer the Interrogatory.

11.     On August 25, 2020, the Plaintiff served Ronald Jackson with the Second Amended Complaint. See Ex. "L."

12.     On October 30, 2020, the Plaintiff served her Amended Verified Answers to Wal-Mart's Initial Interrogatories and continued to list her expenses incurred in connection with the claims against the Defendant, amounting to $54,394.44. See Ex. "M."

13.     On the same day, the Plaintiff continued to file her Amended Responses to Wal-Mart's Request for Admissions No. 5 & No. 6, failing to Answer whether her damages exceeded $75,000, and continued to request additional time to determine her damages. See Ex. "N." The Plaintiff also filed her Amended Responses to Request for Production on October 30, 2020 but no additional records were produced. See Ex. "O."

14.     On November 1, 2020, the undersigned emailed Plaintiff's counsel requesting an update on the Plaintiff's medical damages, however the following day, Plaintiff's counsel declined to produce the same, instead requesting that the Defendant serve supplemental discovery. See email string, Ex. "P."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 ·MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

15.     On November 10, 2020, the Defendant filed its Supplemental Request for Production to Plaintiff, which requested the documentation to determine Plaintiff's damages. See Ex. "Q."

16.     On December 11, 2020, the Plaintiff served her Responses to Defendant's Supplemental Request for Production and produced documents. See Responses, Ex. "R." These records included supplement invoices. **As of December 11, 2020, the Plaintiff's total medical costs totaled $204,521.60.** [1]

17.     The Plaintiff's supplemental records on December 11, 2020 and the Plaintiff's deposition testimony on December 14, 2020 confirmed that she had undergone surgery on December 19, 2019 and September 23, 2020.  Based on Plaintiff's medical bills, her past medical damages amount to $204,521.60.

18.     Plaintiff alleges, *inter alia,* Wal-Mart breached its duty to provide the Plaintiff with a reasonably safe premises by failing to maintain the location in a reasonably safe condition, failing to warn the Plaintiff of the alleged dangerous condition, and failing to inspect for the alleged dangerous condition. *See* Ex. "D" at ¶15.

19.     The Plaintiff's Second Amended Complaint also alleged negligence by Ronald Jackson, as an employee of Wal-Mart at the time of the incident. See Ex. "D" at ¶ 18 - ¶ 23. Plaintiff alleges that as the manager on duty, Jackson, was responsible for maintaining, inspecting, warning of dangerous conditions at the subject store and therefore is personally liable to Plaintiff.  *See* Ex. "D" at ¶ 8-¶ 9.

20.     At her deposition, Plaintiff did not know why she had sued Jackson:

Q     You also filed a lawsuit against Ronald Jackson.  What do you contend
        Mr. Jackson did wrong?

---

[1] In the event the medical records are required, the Defendant may supplement the record.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 ·MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

A       Well, when I called in nobody would call me back to respond about me going to the hospital.
Q       So what do you contend that Mr. Jackson did wrong though?
A       I am not sure how to answer that.
Q       You filed a lawsuit against him, correct?
A       I filed a lawsuit against Walmart.

Ex. "V" at p.16:20-17:3

21.     The Plaintiff joined Jackson solely to destroy diversity jurisdiction.

22.     The Plaintiff is a resident of Volusia County, Florida. *See* Ex. "D" at ¶3.

23.     Wal-Mart Stores East, LP, is a foreign Delaware corporation.

24.     Plaintiff's Second Amended Complaint *fails to allege any facts indicating Jackson was actively negligent by actively participating* in and committing any tort to cause Plaintiff's incident. It is evident that Plaintiff's Complaint fails to allege any facts that Jackson had any active participation and active involvement in the alleged incident.

25.     Further still, Ronald Jackson has declared that he did not own, control, or operate the Wal-Mart Store. *See* Ronald Jackson's Declaration attached as **Ex. "S."** He did not witness the incident, he did not participate in the events which led up to the alleged incident, and he did not investigate the incident. Id.

26.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

27.     Wal-Mart attaches hereto and makes a part of this notice a copy of the docket sheet from the Clerk of the Court in the 18th Judicial Circuit in and for Seminole County, Florida. *See* attached as Ex. "T." All additional State Filings are attached as Composite Ex. "U."

28.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## II. REMOVAL IS TIMELY

29.    In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Responses to Supplemental Request for Production is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. Therefore, the thirty (30) day period commenced on December 11, 2020.

30.    Venue exists in the United States District Court for the Middle District of Florida, Orlando Division, because the 28th Judicial District in and for Seminole County, where Plaintiff filed her state court Complaint is located in Seminole County Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

31.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A.    Citizenship of Plaintiff Tammy Hair.**

32.    Plaintiff is a resident of Volusia County, Florida. Based on Plaintiff's Second Amended Complaint, she at "all times material hereto… was a natural person residing in Volusia County, Florida." *See* Ex. "D."

33.    "It is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

34.     Here, Plaintiff's medical bills and medical records indicate she is a resident of Florida. Further, the Plaintiff's driver's license notes her residence as Osteen, Florida.

35.     Plaintiff's admitted Florida residency is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**B.  Citizenship of WAL-MART STORES EAST, L.P.**

36.     The owner of the Property is Wal-Mart Stores East, LP. and is therefore the correct Defendant entity.

37.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP was a foreign limited partnership which is, and was at the time the above captioned case was filed in State Court, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* Florida Department of State, Division of Corporations.

38.     WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

39.     WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

40.     The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

41.     The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

42.     The named Defendant, Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.

43.     Wal-Mart Stores Inc., at the time the Complaint was filed, and as of the date of this pleading, is a corporation that lawfully does business in numerous states but was not, and is not, incorporated in any state other than the State of Delaware.

44.     The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

### C. Complete Diversity Between the Parties Exists Because Jackson Was Fraudulently Joined to Defeat Diversity Jurisdiction.

45.     The citizenship of co-defendant, Jackson, should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co*., 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co*., 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.*, Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

46.     Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co*., 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; Henderson, 454 F.3d at 1281.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

47.     The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

48.     The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target* Corp., Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

49.     Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – **he or she must be actively negligent."** Id (*quoting McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) *(quoting Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that [a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character")).

50.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 ·MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. Id at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. Id at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. Id. at *4-6.

51.     In *Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id*. Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. Id. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that a store manager does not incur

personal liability for a corporation's torts merely by reason of the store manager's official title. *See id*. (*citing Orlovsky*, 405 So. 2d at 1364).

52.     Similarly, in *Pritchard*, the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In Pritchard, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. Id. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,2 and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id.* The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. Id. at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support

---

2 Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

53.   Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.*, and *Franco v. Wal-Mart Stores East, L.P.*, Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.*, Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.*, Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

54.   The instant case is a prime example of Fraudulent joinder by Plaintiff.  Ronald Jackson was not at the Wal-Mart store when the Plaintiff's incident allegedly occurred on June 24, 2019, he had no involvement in the facts leading up to the incident, and did not investigate the incident.  There is no possibility that Plaintiff can prove a cause of action for negligence against Jackson because he was not actively negligent nor was he personally involved in Plaintiff's incident, failing to be at the store. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; Pritchard, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.*, Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).  The Plaintiff's claim that Jackson should have called the Plaintiff because he is the manager notwithstanding that the Plaintiff did not report the incident on the day of the incident, is disingenuous.

55.   Most importantly, Jackson did not commit, could not have participated in Plaintiff's alleged tort, and did not play any role in Plaintiff's alleged injuries as he was not in

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the area at the time of the incident, he did not witness the incident, he did not participate in the events that led up to the incident, and he did not investigate the events of the incident. *See* Ronald Jackson's Declaration attached as **Ex. "S."** Therefore, Jackson had no knowledge and had no involvement in Plaintiff's alleged incident. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; Pritchard, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.*, Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.*, Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fla. March 10, 2016).

56.     Plaintiff has sued Ronald Jackson with the sole purpose of destroying diversity. As discussed above, this is contrary to Florida law. After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the Parties is diverse.

## IV. AMOUNT IN CONTROVERSY

57.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Amended Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's records produced on December 11, 2020 that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

58.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

59.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents

when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

60.    A "plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." *White v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:13-cv-765-J-99TJC-PBD (M.D. Fla. 2013) (omitting citations).    See also Wilson v. Target Corp., Case No. 10-80451-CIV-MARRA/JOHNSON (S.D. Fla. 2010) (finding plaintiff's refusal to admit damages as a "deliberate attempt to circumvent a federal forum"). Here, Plaintiffs' refusal to admit damages were in excess of $75,000, is especially worth consideration, along with Plaintiff's failure to supplement her medical records and damages until a Supplement Request was served.

61.    The relevant portions of Plaintiff's supplement production which were produced on December 11, 2020, included medical bills which conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.    In addition to the medical care expenses, Plaintiff alleges pain and suffering, disability, loss of the capacity of enjoyment of life which are permanent or continuing in nature and Plaintiff "will suffer losses in the future." Ex "D" at ¶17.

62.    These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 18th Judicial Circuit in and for Seminole County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-003828, on the docket of the Court for the 18th Judicial Circuit in and for Seminole County, Florida, be removed from that court to the United States District Court for the Middle  District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully Submitted,

/s/ <u>Jackeline Rodriguez</u>
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Jackeline Rodriguez

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 ·MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Florida Bar No. 70435
jrodriguez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Attorneys for Defendant, Wal-Mart Stores East, L.P.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 8, 2021, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

/s/ Jackeline Rodriguez
Jackeline Rodriguez

### SERVICE LIST

*Attorneys for Plaintiff*
Ady A. Goss, Esquire
FBN 1000356
Ryan P. Rudd, Esquire
FBN 54531
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208
Primary email: agoss@forthepeople.com rrudd@forthepeople.com
Secondary email: ckittel@forthepeople.com