Filing # 100633803 E-Filed 12/20/2019 10:21:59 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO:   2019-CA-003828-11J-K

TAMMY HAIR,

    Plaintiff,

vs.

WALMART INC., A Foreign Profit
Corporation, and RONALD
JACKSON

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**WALMART, INC.**
**c/o REGISTERED AGENT**
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **ADY A GOSS, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414,** within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Diana Stewart, at the Seminole County Courthouse, 301 North Park Avenue, Suite N301, Sanford, Florida 32771, telephone no. 407-665-4227 within two (2) working days of your receipt of this notice, if you are hearing or voice impaired, call 1-800-955-8771.

WITNESS my hand and the seal of this Court on this the ___20th___ day of ___December___,2019.

Grant Maloy
Clerk of the Circuit Court
And Comptroller

By_____

As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

Filing # 100633803 E-Filed 12/20/2019 10:21:59 AM

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO:

TAMMY HAIR,

       Plaintiff,

vs.

WALMART INC., A Foreign Profit
Corporation, and RONALD
JACKSON

       Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMMY HAIR, by and through her undersigned counsel, hereby sues Defendants, WALMART INC., (hereafter "WALMART") and RONALD JACKSON (hereinafter "JACKSON") and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages, which exceed the sum of Fifteen Thousand Dollars ($15,000.00).

2.    Venue is proper in Seminole County, because that is where the incident giving rise to this action occurred.

3.    At all times material hereto, Plaintiff, TAMMY HAIR, was a natural person residing in Volusia County, Florida.

4.    At all times material hereto, Defendant WALMART, was and is a foreign corporation licensed under the laws of Arkansas with its principal place of business in Bentonville, Arkansas conducting substantial business in Florida, including Seminole County, Florida.

5.      At all times material hereto, Defendant, WALMART, was authorized, licensed, and actually conducting substantial business in Seminole County, Florida.

6.      At all times material hereto, Defendant WALMART, owned and operated a business known as WalMart Store #857, located at 3653 S. Orlando Drive, Sanford, FL 32773 (hereinafter "Premises").

7.      Defendant, JACKSON, is a natural person working in Seminole County, Florida.


## FACTS REGARDING THE INCIDENT

8.      On or about December 4, 2018, Plaintiff, TAMMY HAIR, visited Defendant, WALMART'S, premises located at the aforementioned address

9.      On or about December 4, 2018, Defendant, JACKSON, was the Store Manager of Defendant, WALMART, Store #857.

10.     At all times material hereto, Defendant, WALMART, individually and/or by and through its property management company, agents, servants, employees, and/or sub-contractors, maintained the aforesaid Premises, including merchandise placement, thereby creating a hazardous and dangerous condition.

11.     At said time and place, Plaintiff was an invitee, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

12.     On or about December 4, 2018, Plaintiff, TAMMY HAIR, sustained severe and permanent injuries while inside Defendant, WALMART's, Premises. Specifically, Plaintiff lifted a case of water when the case beneath it fell on Plaintiff causing her to fall.

2

## COUNT I
## CLAIM OF NEGILIGENCE AGAINST DEFENDANT,
## WALMART INC.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1-7 and 8-12 above, and further states:

13.     Defendant, WALMART, was at all times material herein, in possession and control of the Premises described hereinabove where Plaintiff fell and was subsequently injured.

14.     At all times material hereto, Defendant, WALMART, had a non-delegable duty to maintain its property in a reasonable safe condition and to exercise reasonable care in the maintenance, general upkeeps, and routine inspections of said property to ensure that its property, including all merchandise, specifically cases of water, were safe as to prevent any foreseeable risk of injury to its invitees.

15.     At all times material hereto, Defendant, WALMART, breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain merchandise, specifically cases of water, on the premise, thus creating a hazardous condition to members of the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently failing to inspect or adequately inspect merchandise, as specified above, to ascertain whether the merchandise, specifically cases of water, constituted a hazard to customers, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the merchandise, specifically cases of water, when Defendant knew or through the exercise of reasonable care should have known that said merchandise, specifically cases of water, were unreasonably dangerous and that Plaintiff was unaware of same; and

    d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the merchandise, specifically cases of water, on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient

3

length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises and merchandise for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to stack merchandise causing a dangerous condition;

h) Negligently failing to follow its own corporate policy(ies) and procedures regarding the dangerous condition;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

k) Negligently failing to render aid to the Plaintiff after her fall; and/or negligently rendering aid to the Plaintiff after the cases of water fell on her; and,

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

16.     As a result, while Plaintiff was visiting Defendant's business, Plaintiff lifted a case of water when the case beneath it fell on Plaintiff causing her to fall.

17.     As a direct and proximate result of the negligence of Defendant, WALMART, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

4

WHEREFORE, the Plaintiff, TAMMY HAIR, sues the Defendant, WALMART, INC., for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), and demands trial by jury of all issues so triable.

## COUNT II
## CLAIM OF NEGLIGENCE AGAINST DEFENDANT, RONALD JACKSON

Plaintiff realleges and incorporates herein by reference paragraphs 1-7 and 8-12, and 13-17 above, and further states:

18.     At all times material to this action Defendant, JACKSON, was employed by Defendant, WALMART, as a manager and was directly responsible for maintaining, managing, supervising and/or operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

19.     At all times material to this action, Defendant, JACKSON, was directly responsible for executing Defendant, WALMART's policies of store management and was personally involved in Defendant, WALMART's previously described tortious conduct, and is therefore personally liable to Plaintiff. *White*, 918 So. at 358; *Orlovsky*, 405 So. 2d at 1364.

20.     At all material times and by virtue of his position with Defendant, WALMART, Defendant, JACKSON, owed Plaintiff a non-delegable duty to maintain the store in a reasonably safe and clean condition and to warn Plaintiff of any latent dangers in the store, or on its premises and for supervising the employees working at said premises to ensure that they reasonably and safely maintained, inspected, and/or warned the subject premises consistent and in compliance with the Defendant, WALMART's policies and procedures, and was reasonably

5

customary for the business community in and/or around where the subject incident occurred and

for the subject weather conditions that caused the subject incident.

21.     At said time and place, Defendant, JACKSON, breached his duty owed to

Plaintiff by committing one or more of the following omissions or commissions:

a.  Negligently failing to maintain or adequately maintain the merchandise, specifically
    cases of water, on the premise, thus creating a hazardous condition to members of the
    public, including the Plaintiff herein, thus creating an unreasonably dangerous
    condition for Plaintiff;

b.  Negligently failing to inspect or adequately inspect merchandise, as specified above,
    to ascertain whether the merchandise, specifically cases of water, constituted a hazard
    to customers, including the Plaintiff herein, thus creating an unreasonably dangerous
    condition to the Plaintiff;

c.  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the
    merchandise, specifically cases of water, when Defendant knew or through the
    exercise of reasonable care should have known that said the stacks of merchandise,
    specifically cases of water, were unreasonably dangerous and that Plaintiff was
    unaware of same; and

d.  Negligently failing to correct or adequately correct the unreasonably dangerous
    condition of the merchandise, specifically, cases of water, on Defendant's premises,
    when said condition was either known to Defendant or had existed for a sufficient
    length of time such that Defendant should have known of same had Defendant
    exercised reasonable care.

e.  Negligently failing to have adequate staff on duty and/or assigned to the task of
    inspecting/maintaining the premises and merchandise for dangerous conditions;

f.  Negligently failing to train and/or inadequately training its employees to inspect the
    premises for dangerous conditions;

g.  Negligently failing to train and/or inadequately training its employees to stack
    merchandise causing a dangerous condition;

h.  Negligently failing to follow its own corporate policy(ies) and procedures regarding the
    dangerous condition;

i.  Negligently failing to act reasonably under the circumstances;

6

j.  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

k.  Negligently failing to render aid to the Plaintiff after her fall; and/or negligently rendering aid to the Plaintiff after the cases of water fell on her; and,

l.  Negligently engaging in a routine practice of business that was unreasonable to what is customary for the business community in and/or around where the subject incident occurred.

22.    As a result, while Plaintiff was visiting Defendant's business, Plaintiff lifted a case of water and the case stacked beneath the case Plaintiff was holding fell on Plaintiff, sustaining injuries as set forth.

23.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, inconvenience, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money both in the past and into the future. The losses are either permanent or continuing and Plaintiff will suffer these losses into the future and has already suffered same in the past.

WHEREFORE, the Plaintiff, TAMMY HAIR, sues the Defendants, TAMMY HAIR and WALMART, INC., for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), and demands trial by jury on all issues so triable.

## TRIAL BY JURY

Plaintiff, TAMMY HAIR, respectfully demands a trial by jury of all issues and counts so triable herein.

RESPECTFULLY submitted this 20th day of December, 2019.

/s/ Ady A. Goss

Ady A. Goss, Esquire
FBN 1000356
Ryan P. Rudd, Esquire
FBN 54531
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone:     (407) 420-1414
Facsimile:     (407) 204-2208
Primary email: agoss@forthepeople.com
rrudd@forthepeople.com
Secondary email: ckittel@forthepeople.com
Attorneys for Plaintiff

8